IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AARON GRAHAM, on behalf of himself and others similarly situated, § § § Plaintiffs, § § v. § CIVIL ACTION NO. _____ § DATTATRAY, INC., KEYUR PATEL, § and CHIRAG PATEL, § § Defendants. § | |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Dattatray, Inc. ("Dattatray"), the owner and operator of the Super 8 Motel in Mineral Wells, Texas, Keyur Patel, and Chirag Patel (collectively referred to as "Defendants") are violating the Fair Labor Standards Act ("FLSA") by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by forcing their employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff Aaron Graham worked for Defendants and was damaged by this illegal policy or practice. Plaintiff was denied the compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former Dattatray employees, to recover unpaid wages and overtime compensation, liquidated damages, attorney's fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 29 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 et seq.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Mineral Wells, Texas. 28 U.S.C. § 1391 (b)(2).

## III. THE PARTIES

5. Plaintiff Aaron Graham worked for Dattatray performing maintenance and custodial services. He regularly worked in excess of 40 hours per week without receiving all compensation that he was due under the FLSA. Plaintiff Aaron Graham's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former maintenance and custodial personnel who were employed by Dattatray during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Dattatray, Inc. is a Domestic For Profit Corporation with a principal place of business at 2809 Hwy 180 W, Mineral Wells, Texas 76067 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Dattatray employed Plaintiff within the meaning of the FLSA. Dattatray may be served with process by serving its Registered Agent, Keyur D. Patel, 2809 Hwy 180 West, Mineral Wells, Texas 76067, or wherever else he may be found.

8. Defendant Keyur Patel ("Keyur") is the owner and principal of Dattatray. He is an individual residing in Mineral Wells, Texas. Keyur, upon information and belief, possessed control over Dattatray's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Keyur directly affected employment-

related factors such as workplace conditions and/or operation personnel and/or compensation. Keyur may be served with process at 2809 Hwy 180 West, Mineral Wells, Texas 76067, or wherever else he may be found.

9. Defendant Chirag Patel ("Chirag") is the owner and principal of Dattatray. He is an individual residing in Mineral Wells, Texas. Chirag, upon information and belief, possessed control over Dattatray's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff. Chirag directly affected employment-related factors such as workplace conditions and/or operation personnel and/or compensation. Chirag may be served with process at 108 Farm to Market Road 1821, Mineral Wells, Texas 76067, or wherever else he may be found.

## IV. BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants operate a Super 8 Motel located in Mineral Wells, Texas. Defendants employ maintenance and custodial personnel to maintain and clean the motel. Defendants' maintenance and custodial personnel provide services that include, but are not limited to, routine building maintenance, repairing broken fixtures and property at the motel, and cleaning the motel.

12. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek. However, Defendants did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 each week. Instead, Defendants only pay/paid their employees a fixed "salary" (no overtime) for all hours worked, including the hours working in excess of 40 hours in a workweek, which was well below minimum wage. As a result, Defendants failed to properly compensate their employees under the FLSA.

## V.  PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.     Defendants Failed to Properly Pay Regular and Overtime Compensation.**

13.     The preceding paragraphs are incorporated by reference.

14.     Plaintiff worked for Defendants performing maintenance and custodial services. He provided routine building maintenance, repaired broken fixtures and property at the motel, and cleaned the motel. During his employment, Plaintiff frequently worked seven consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 70 hours or more.

15.     During Plaintiff's employment, Defendants paid Plaintiff $200.00 on a weekly basis. For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff his $200.00 per week "salary," rather than one and one-half times his regular rate. Defendants did so to avoid their overtime obligations under the FLSA.

16.     The FLSA and applicable regulations require Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at 1.5 times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours per week. Defendants should have paid Plaintiff overtime compensation for 30 hours or more in a typical workweek, but Defendants failed to pay Plaintiff that amount.

17.     By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.     Defendants Willfully Violated the FLSA.**

18.     The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

19. Defendants have or had a policy and/or practice of not paying their employees at least minimum wage or the proper rate for overtime they worked. Instead, Defendants paid their non-exempt employees their regular rate (or their "salary") for all hours worked with no overtime for hours worked over 40 in a workweek as required under the FLSA. Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

20. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## VI.  FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

21. The preceding paragraphs are incorporated by reference.

22. Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendants as maintenance or custodial personnel, who perform(ed) the same or similar duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

23. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

24. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work.

25. As such, the Members of the Class are owed additional regular compensation, plus overtime compensation, plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

26. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> All current and former maintenance and custodial personnel, who were employed by Defendants during the three-year period preceding the filing of this complaint.

27. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.  CAUSES OF ACTION

28. The preceding paragraphs are incorporated by reference.

29. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above. 29 U.S.C. §§ 206, 207.

30. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207, 216 (b).

31. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages. 29 U.S.C. § 216(b).

32. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. *Id*.

## VIII.  JURY DEMAND

33.     Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## IX.  PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Dattatray, Inc., Keyur Patel, and Chirag Patel for:

- a. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

- b. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

- c. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

- d. reasonable attorneys' fees, costs and expenses of this action;

- e. pre-judgment and post-judgment interest at the highest rate allowed by law; and

- f. such other and further relief as may be allowed by law.

DATED this 28th day of January, 2022.

Respectfully submitted,

By: */s/ Jay K. Wieser*
Jay K. Wieser
State Bar No. 24060826
jay@wlawpllc.com
Lauren Johnson
State Bar No. 24055745
lauren@wlawpllc.com
**WIESER LAW PLLC**
3732 Hulen Street, Suite 100
Fort Worth, Texas 76107
Telephone: (817) 242-8490

**ATTORNEYS FOR PLAINTIFFS**